IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

AKRON

| UNITED STATES OF AMERICA, | ) | CASE NO. 5:04CR423 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| vs. | ) | |
| | ) | **MOTION FOR EARLY TERMINATION** |
| JOSEPH A. ZMUGG, | ) | **OF SUPERVISED RELEASE** |
| | ) | **PURSUANT TO RULE 32.1(c) AND** |
| Defendant. | ) | **18 U.S.C. § 3583(e)(1)** |

Joseph A. Zmugg, by counsel, respectfully requests that this Court terminate his supervised release pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583(e)(1).

**Introduction**

On January 6, 2005, Mr. Zmugg was sentenced to 60 months imprisonment; five years of supervised release; and $200 in special assessment fees. Mr. Zmugg successfully completed his term of incarceration, as well as approximately 66 months of his supervised release period which would normally expire on January 22, 2015. He paid the special assessment fees. Based on his performance on supervised release, Mr. Zmugg hereby moves the Court for entry of an order terminating his supervised release.

The U.S. Probation Officer has informed counsel that he cannot request or support early termination for his clients. The Probation Officer's routine policy should not control the determination of this matter.

**Legal Authority**

Under 18 U.S.C. § 3583(e), the Court has the authority to grant early termination of a previously imposed term of supervised release. Section 3583(e)(1) provides:

(e) Modification of conditions or revocation. The court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), and (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. P. 32 (c)(1), (2)(B) & (C) (providing for hearings for modification of supervised release, unless the result is favorable to the person supervised and the government does not object after notice).

In 2005, the Judicial Conference approved creating a presumption in favor of early termination for non-career and non-violent offenders who (a) have been under

supervision for at least 18 months, present no identified risk to the public or victims, and are free from any moderate- or high-severity violations; or (b) have been under supervision for at least 42 months and are free from any moderate- or high-severity violations.  The Judicial Conference Committee on Criminal Law established a non-exhaustive list of criteria for consideration for those seeking early termination, including:

- Stable community reintegration (e.g., residence, family, employment);
- Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
- No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
- No history of violence;
- No recent arrests or convictions (including unresolved pending charges), or ongoing, interrupted patterns of criminal conduct;
- No recent evidence of alcohol or drug abuse;
- No recent psychiatric episodes;

- No identifiable risk to the safety of any identifiable victim; and

- No identifiable risk to public safety based on the Risk Prediction Index.

Federal Probation, Volume 77, Number 2, September 2013 (http://www.uscourts.gov/viewer.aspx?doc=/uscourts/FederalCourts/PPS/Fedprob/2013-09/no-compromise.html).

## Argument

On October 24, 2004, Mr. Zmugg pled guilty to one count of Enticement and one count of Interstate Travel for Purposes of Sexual Conduct with a Minor. At that time, he was represented by Kevin Spellacy, Esq. On January 6, 2005, the Court sentenced Mr. Zmugg to sixty months imprisonment on each count, to run concurrently, to be followed by five years of supervised release.

Thereafter, on June 8, 2005, Mr. Zmugg was indicted by a grand jury in the District of Colorado with Distribution of Child and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Case Number 1:05-cr-00274-CMA).[1] This offense was discovered as a result of Mr. Zmugg's arrest and subsequent confession in this Ohio case. Federal officials obtained a search warrant for his computers as a result of the

---

[1] Mr. Zmugg's Colorado prosecution was initially before United States District Judge Edward W. Nottingham before whom the plea and sentencing were held. Upon the resignation of Judge Nottingham, the case was reassigned to Judge Christine M.

information provided by Mr. Zmugg following his arrest in this Ohio case. Thus, the two offenses are related. In the District of Colorado Case (Case Number 1:05-cr-00274-CMA), Mr. Zmugg was sentenced to sixty months imprisonment on each count, to run concurrently, with sixteen months to be consecutive to the sentence imposed in this Ohio case and forty-four months to be concurrent, to be followed by three years of supervised release.

Mr. Zmugg was released from federal custody on January 22, 2010, and immediately began his term of supervised release. Because he is a Colorado resident, his supervision was transferred to the District of Colorado. Mr. Zmugg has been supervised by U.S. Probation Officer Walter Vanni in the District of Colorado. His three-year term of supervised release expired on January 22, 2013. His five-year term of supervised release in the instant action is set to expire on January 22, 2015.

As of the filing of this motion, Mr. Zmugg has successfully completed the three year term of supervised release imposed in District of Colorado Case No. 05-cr-00274-CMA and approximately 66 months of his term of supervision in the instant

---

Arguello on December 17, 2009. (Colorado ECF No. 61).

action, with less than six months remaining.  Mr. Zmugg has performed well on supervised release and has had no new contact with law enforcement.

Prior to these offenses in Ohio and Colorado, Mr. Zmugg did not have any criminal history, history of violence or alcohol or drug abuse issues.  He has prior service to this country.  He honorably served in the United States Army for more than twenty-four years (1966 to 1990), having served one year in Vietnam, four years and 9 months in Belgium in SHAPE (Supreme Headquarters Allied Powers Europe) Headquarters, the military arm of NATO; and four years and one month in the Federal Republic of German where the core support command to which he was assigned as a linguist successfully managed two existing partnerships at the headquarters level and took the initiative to establish a third with a French Unit and was instrumental in having a battalion awarded the annual U.S. Army Europe Partnership Award.  During his term of service, he earned the Bronze Star, two awards of the Meritorious Service Medal, Air Medal, Joint Service Commendation medal, three Army Commendation medals, seven awards of the good conduct medal, National Defense Service medal, the Vietnam Service medal with four bronze service stars, Armed Forces Reserve medal, Republic of Vietnam Armed Forces Honor medal, first class; Vietnam Campaign Medal; German Armed Forces Marksmanship Badge in

Silver; German Armed Forces Proficiency Badge in Gold, Vietnamese Cross of Gallantry Unit Citation with Palm, Republic of Vietnam Civil Actions Unit Citation Medal, and the Meritorious Unit Commendation.

Since January 22, 2010, Mr. Zmugg has fulfilled all the conditions of his supervised release. He has completed the phases (I-IV) of the approved program of sex offender evaluation and treatment and is now participating in "aftercare." He has benefitted from his treatment and gained insight as to what led him to engage in the criminal conduct for which he was charged. Mr. Zmugg maintains regular contact with the U.S. Probation Office in Colorado and submits his monthly reports in a timely manner.

Mr. Zmugg demonstrates stable community reintegration. He has maintained residence in Denver, Colorado, since the first quarter of 2010, and has resided at his current address since August 2010. Moreover, he purchased his current residence in August 15, 2013, and is financially stable with sufficient savings.

Mr. Zmugg, now 71 years old, is retired from a long successful military career. Up to his arrest in 2004, he and his wife resided in the Denver-Metropolitan area. He and his wife divorced in March 2009 following his arrest and incarceration. He maintains contact with her and with one son who resides in the Denver metropolitan area. He and his son

dine at least thrice a month at a local restaurant and maintain regular contact. He participates regularly in approved activities through the Veterans Administration and enjoys reading, cooking, and baking bread from scratch. Mr. Zmugg avails himself of the services available to him through the military and is a dedicated veteran.

Mr. Zmugg has made great strides toward improving himself and making a better life for himself. He has a strong resolve not to repeat the conduct that resulted in his prosecution. He is remorseful for his actions. At age 71, the risk he will recidivate is low. *See* Recidivism of Offenders on Federal Community Supervision, William Rhodes, Ph.D., et.al., https://www.ncjrs.gov/pdffiles1/bjs/grants/24108.pdf (Older offenders are less likely to be re-arrested for a new offense and be revoked from supervision than younger offenders).

Mr. Zmugg has paid dearly for his conduct. As a result of his conviction in this case, he was incarcerated at the Federal Correctional Institution ("FCI") – Englewood. The shoes that the Federal Bureau of Prisons provided to him caused a blister on his little toe on his right foot and, because of lack of timely care by the BOP, it developed into a septic infection. The infection spread and, ultimately, doctors had to amputate his leg below the knee. He was confined to a wheelchair for more than 18 months. He now has

a prosethic leg.  Mr. Zmugg has additional health issues, including cardiovascular disease, peripheral arterial disease and chronic obstructive pulmonary disease ("COPD").  He successfully had seven major surgeries for vascular issues, suffered a stroke, and has most recently had his gall bladder removed which resulted in pancreatitis.

The September 2013 Federal Probation Journal presents compelling and useful empirical support for the early termination of supervised release.  The Administrative Office of the United States Courts recent study of offenders terminated in 2008 is likewise compelling.  The results suggest that defendants granted early termination pose no greater danger to the community than those who serve a full term of supervision.  *See* Federal Probation, Volume 77, Number 2, September 2013 (http://www.uscourts.gov/viewer.aspx?doc=/uscourts/FederalCourts/PPS/Fedprob/2013-09/no-compromise.html).  More significantly, early termination results in attributable cost avoidance.  *Id.*

**Conclusion**

Mr. Zmugg has demonstrated post-conviction adjustment, has complied with the Court's express terms of supervision, and meets the criteria for consideration for these seeking early termination established by The Judicial Conference Committee on Criminal

Law.  Accordingly, he respectfully requests that, in the interests of justice, the Court grant his motion for early termination of his supervised release pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583(e).

    Dated:  August 18, 2014          MARTHA H. ESKESEN, P.C.

                                      s/Martha H. Eskesen
                                      Martha H. Eskesen
                                      5445 DTC Parkway, Penthouse 4
                                      Greenwood Village, CO 80111
                                      Telephone:   (303) 486-6938
                                      Facsimile:     (303) 573-4921
                                      Email: meskesen@eskesenlaw.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 18, 2014, I electronically filed the foregoing **MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO RULE 32.1(c) AND 18 U.S.C. § 3583(e)(1)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

  Michael A. Sullivan, Assistant U.S. Attorney
  Office of the U.S. Attorney
  Michael.a.sullivan@usdoj.gov


And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Joseph A. Zmugg   (by U.S. Mail)


            MARTHA H. ESKESEN, P.C.

            s/Martha H. Eskesen
            Martha H. Eskesen
            5445 DTC Parkway, Penthouse 4
            Greenwood Village, CO 80111
            Telephone: (303) 486-6938
            Facsimile: (303) 573-4921
            Email: meskesen@eskesenlaw.com